**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VALIRIE R. VAUGHN, | ) Case No. EDCV 19-0103-R (JPR) |
| Plaintiff, | ) |
| v. | ) ORDER DISMISSING ACTION FOR |
| | ) FAILURE TO PROSECUTE |
| COMM'R OF SOC. SEC., | ) |
| Defendant. | ) |

On January 17, 2019, Plaintiff filed pro se a Complaint challenging the denial of Social Security benefits. On January 24, the Magistrate Judge issued a case-management order, requiring Plaintiff to file a motion for judgment on the pleadings within 35 days of service of Defendant's Answer to the Complaint. Defendant filed and served his Answer on May 9. Thus, Plaintiff's motion for judgment on the pleadings was due no later than June 13. After she did not timely file her motion, the Magistrate Judge on June 28 ordered her to show cause in writing within 14 days why the case should not be dismissed for

1

lack of prosecution.[1]  The Court also advised Plaintiff that legal help was available at one of the pro se clinics in the district and provided the address and phone number for the one closest to Plaintiff.  On July 9, she requested an extension of time to file the motion for judgment on the pleadings; the Magistrate Judge granted her request on July 11.

On July 24, a "good friend" of Plaintiff's filed a document titled "Summary of the Case," in which she claimed that Plaintiff is mostly confined to bed.  On August 22, after Plaintiff's extended deadline for filing her motion for judgment on the pleadings had expired, Defendant requested that the Court order her to show cause why her lawsuit should not be dismissed for failure to prosecute.  Plaintiff opposed the request on August 27, asking the Court to treat the "Summary of the Case" as her motion for judgment on the pleadings.  On August 28, the Magistrate Judge again ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute, advising her that the Court had no authority to accept or consider the "Summary of the Case" because it was filed by a third party and was not signed by Plaintiff.  The Magistrate Judge again advised Plaintiff to seek assistance at her local pro se clinic and further told her that if she could not prosecute her lawsuit herself she had to retain an attorney, noting that disability-appeal attorneys typically prosecute Social Security cases on a contingency basis.  To date, Plaintiff has neither filed a motion

---

[1] This was not the first time the Magistrate Judge had issued such an order, having previously ordered Plaintiff to show cause after she did not timely file her proof of service of the Complaint on Defendant.

for judgment on the pleadings nor timely responded to the most recent order to show cause.

Courts may dismiss lawsuits that are not diligently prosecuted. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962); Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam). In determining whether to dismiss a pro se plaintiff's lawsuit for failure to prosecute, a court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440. Unreasonable delay creates a rebuttable presumption of prejudice to the defendant that can be overcome only with an affirmative showing of just cause by the plaintiff. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth Carey factors weigh in favor of dismissal. Plaintiff has ceased communicating with the Court, and thus she has not rebutted the presumption of prejudice to Defendant caused by her unreasonable delay in prosecuting this lawsuit. There also does not appear to be any less drastic sanction the Court can take, as despite numerous opportunities to do so, Plaintiff still has not filed a motion for judgment on the pleadings, and thus no issues are before the Court for it to resolve. Further, Plaintiff has been repeatedly and expressly warned that if she did not respond to the Magistrate Judge's orders to show cause, her action would likely be dismissed. Yet she has not responded at all to the latest

such order. Although the fourth factor weighs against dismissal — as it always does — the other factors together outweigh the public's interest in disposing of the case on its merits. See Long v. Astrue, 416 F. App'x 633, 634 (9th Cir. 2011) (upholding dismissal of Social Security action for failure to prosecute when plaintiff had not served summons and did not show cause for failure to do so).

Plaintiff has failed to prosecute this action without demonstrating good cause, and it is therefore DISMISSED.

DATED: September 25, 2019

R. GARY KLAUSNER
U.S. DISTRICT JUDGE

Presented by:

Jean Rosenbluth
U.S. Magistrate Judge